UNITED STATES v. MORRISON et al.

(Circuit Court, D. Colorado. September 7, 1901.)†

No. 4,178.

1. INDIANS (§ 15*)—LANDS—ALIENATION—IRRIGATION.

Where lands were allotted to the Ute Indians in severalty, pursuant to the Ute treaty ratified by Act Cong. June 15, 1880, c. 223, 21 Stat. 199, providing that the lands should not be subject to alienation for a term of years, and an irrigation project was constructed by the government for the benefit of the Indians, they had no power to give, grant, or alienate any right to divert the water in the ditch.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 17, 29, 34, 37–44; Dec. Dig. § 15.*]

2. INDIANS (§ 15*)—ALIENATION OF LANDS—CONSENT.

Where the United States constructed an irrigation project for the benefit of reservation lands granted in severalty to the Ute Indians, the government was not bound by a consent alleged to have been given by the Indian agent to complainant, who had entered lands within the reservation, not awarded the Indians, under the Desert Land Law (Act March 3, 1877, c. 107, 19 Stat. 377 [U. S. Comp. St. 1901, p. 1548]) and Homestead Act (Act May 20, 1862, c. 75, 12 Stat. 392), to draw water from the government ditch for the irrigation of such land.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 17, 29, 34, 37–44; Dec. Dig. § 15.*]

3. WATERS AND WATER COURSES (§ 7*)—IRRIGATION—INDIAN LANDS.

Where the United States, in pursuance of its right to manage and control the Ute Indians, having granted reservation lands to them in severalty, constructed an irrigation project for the benefit of such lands, the water was not subject to appropriation to irrigate lands within the reservation entered by a citizen, since the acts of Congress and of the state relating to the appropriation of water for irrigation apply only to cases arising between citizens, and not to water appropriated to a pub-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Received April 3, 1913, and published by request.

lic use in the exercise of the government's sovereign authority over Indian tribes.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 2; Dec. Dig. § 7.*]

In Equity. Bill by the United States against Samuel W. Morrison and another to restrain the diversion of water from a government irrigation project to irrigate land claimed by Morrison. Writ granted.

HALLETT, District Judge. This is a bill by the general government against Samuel W. Morrison and Ignacio Mesa Ditch & Reservoir Company to restrain the diversion of water from a ditch constructed by the government for irrigating lands in the counties of Montezuma, La Plata, and Archuleta, in this state. The record discloses that the lands in question were part of an Indian reservation maintained for many years in that locality. June 15, 1880, Congress passed an act to ratify a treaty with the Ute Indians, who were then upon the reservation, and to award the lands in severalty among the Indians. Directions for allotting lands in severalty among the Indians were given, and it was declared that the lands so granted should not be subject to alienation for a term of years. Provision was also made for improving the lands so granted in order to make them habitable. Act June 15, 1880, c. 223, 21 Stat. at Large, 199. Pursuant to this authority the ditch in question was built. Obviously the purpose of Congress was to induce the Indians to abandon nomadic life and to become in some measure civilized and self-supporting.

[1] Respondent Morrison has filed an affidavit in which he shows that he has taken up a tract of land within the limits of the reservation which was not awarded to the Indians, and that the ditch constructed by the general government affords the only means of irrigating it. Respondent's occupation of the lands was begun in the year 1899 under the Desert Land Law (Act March 3, 1877, c. 107, 19 Stat. 377 [U. S. Comp. St. 1901, p. 1548]) and the Homestead Act (Act May 20, 1862, c. 75, 12 Stat. 392). His position in defense to the suit is not very well explained, but perhaps he means to say that the government, owning the ditch and also the lands which may be irrigated from it, should furnish water from the ditch to every one who may be able to apply it on government lands. Respondent states, however, that some of the Indians owning lands in severalty have given him the right to divert the water from the ditch. As already explained, the Indians have no power of alienation, and therefore any gift or grant made by them must be void.

[2] Respondent also alleges that the agent in charge of the Indians gave his consent, and that of the government, to the diversion of the water, and the agent has denied the charge under oath. However the fact may be on that point, it must be said that the government was not bound by anything said or done by the agent in its behalf.

[3] In a general view of the whole record, it is entirely clear that in building the ditch for the purpose of supplying water to the Indians the general government exercised an important function conferred upon

it by law under acts of Congress. The government has had full authority to manage and control the Indians and to take all necessary steps for the welfare of those unfortunate people from the earliest times. Therefore the ditch and the diversion of water from the Rio Las Pinos was a public act done pursuant to law and for a public purpose.

Such acts are not subject to interruption from any source whatever. No citizen can interfere to prevent or annul anything done by the government pursuant to law in the management and control of the Indians. The acts of Congress and of the state Assembly relating to appropriation of water for irrigating lands were made for and are applicable only to cases arising between citizens. They have no application whatever to the case in which water is appropriated to a public use by the government in the exercise of its sovereign authority over the Indian tribes. This, however, is aside from the question in issue, because respondent has not in any way attempted to comply with local acts. He seems to have regarded the water in the ditch as publici juris, in the same way as if it was flowing in a natural channel and subject to appropriation by any one who might desire to use it.

The government is entitled to the writ it has asked, and it will be issued accordingly.